# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PAUL A. HARRIS,<br><br>                Plaintiff,<br><br>vs.<br><br>CHRIS LYOU, *et al.*,<br><br>                Defendants. | Case No. 3:20-cv-00121-RRB |

## ORDER REGARDING PENDING MOTIONS

Self-represented prisoner, Paul A. Harris, has filed multiple motions, which in brief sum, request a medical examination, copies, a prison transfer, and the appointment of counsel.

**A.    Motion for a Medical Examination and Treatment (Docket 18)**

Mr. Harris requests a medical examination, because "the prison medical assistant will not or even acknowledge the serious and dangerous consequences of his first medical evaluation of my injuries and disability[ies] that are very visible alone."[1] In support, Mr. Harris cites to (1) the Eighth Amendment deliberate indifference standard under which his claims are being litigated;[2] (2) Federal Rule

---

[1] Docket 18 at 2.

[2] Ultimately, the deliberate indifference standard will be used to determine the legal sufficiency of Mr. Harris's claims of serious medical need. *See generally Estelle v. Gamble*, 429 U.S. 97 (1976). However, this standard is not appropriate for this motion.

of Civil Procedure 35; and (3) *Smith v. Jenkins*, 919 F.2d 90 (8th Cir. 1990).[3]  For relief, he requests an "[outside] medical evaluation by orthopedic physician or osteopathy and to be placed in a correctional facility that can house an inmate with ongoing medical problems that are permanent[.]"[4]

Defendants oppose the motions, arguing that Rule 35 does not apply, and that Mr. Harris's request for a prison transfer "falls outside this court's purview because as an executive agency, DOC is entitled to enact policies and procedures regarding inmate location."[5]

Rule 35(a)(1) states: "The court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner."  Rule 35(a)(2)(A) further explains that such a court order "may be made only on motion for good cause and on notice to all parties and the person to be examined."  Rule 35 is a discovery rule and properly applied in order for a party to investigate and evaluate a mental or physical condition in controversy.[6]  A Rule 35 motion is "only to be ordered upon a discriminating application by the

---

[3] Docket 18 at 1-2.

[4] Docket 18 at 3.

[5] Docket 20.  The Department of Law for the State of Alaska represents a portion of the named defendants in this action.  For the purposes of this order, the "Defendants" refers to these represented defendant parties only.

[6] *Schlagenhauf v. Holder*, 379 U.S. 104, 112–22 (1964).

3:20-cv-00121-RRB, *Harris v. Lyou, et al.*
Order Regarding Pending Motions
Page 2 of 8
Case 3:20-cv-00121-RRB   Document 30   Filed 02/17/21   Page 2 of 8

district judge."[7]  Rule 35 does not provide a mechanism for a moving party to receive court ordered medical treatment.[8]

Mr. Harris moves the Court to compel the Defendants to provide access to specific medical evaluations and treatment.  This is not contemplated by Rule 35.  Moreover, at this stage in litigation, Mr. Harris's alleged conditions are not yet in controversy, as the Defendants have yet to contest either the existence or severity of his alleged conditions.  Rule 35 has been misapplied and good cause has not been shown.[9]  Accordingly, the motion at Docket 18 is **DENIED**.

**B.     Motion for Copies of Dockets 1–14 (Docket 19)**

Mr. Harris renews his previously granted request for copies stating that he received the Court's prior order, but not the requested copies.  Therefore, for good cause appearing, the motion at Docket 19 is **GRANTED**.

**C.     Motion for Transfer of Prison Facility (Dockets 23 & 25)**

Mr. Harris makes two motions requesting to transfer prison facilities.  Both motions allege that he is in segregated housing due to threats made on his life related to incidents at Goose Creek Correctional Center.  He alleges that his

---

[7] *Id.* at 121.

[8] *See* Fed. R. Civ. P. 35.

[9] Each party raises persuasive authority in support of its respective position; however, since Rule 35 does not provide the relief requested, the Court declines to further evaluate these arguments.

3:20-cv-00121-RRB, *Harris v. Lyou, et al.*
Order Regarding Pending Motions
Page 3 of 8
Case 3:20-cv-00121-RRB   Document 30   Filed 02/17/21   Page 3 of 8

placement in segregation is "retaliatory punishment,"[10] and that prison officials are using inmates to threaten his life.[11]  In support of these motions, Mr. Harris provides (1) a page of short form briefing on retaliation; (2) an Administrative Segregation Admission form; (3) a Spring Creek Correctional Center Incident Report Form; and (4) an Administrative Segregation Hearing Form.[12]  Defendants have filed an opposition on two grounds (1) Mr. Harris's motions fall outside the purview of the Court and (2) that Mr. Harris requested to be placed in segregation as shown by his exhibits.[13]

As to this Court's purview, "[t]here is no iron curtain drawn between the Constitution and the prisons of this country."[14]  "When a prison regulation or practice offends a fundamental constitutional guarantee, federal courts will discharge their duty to protect constitutional rights."[15]  Prison officials are tasked with difficult mission of administering complex prisoner populations.[16]  The Court must pay deference to the judgment of prison officials, "so long as that judgment

---

[10] Docket 23.

[11] Docket 25.

[12] Docket 23 at 3–6; Docket 25 at 3–6.

[13] Docket 26.

[14] *Wolff v. McDonnell*, 418 U.S. 539, 555–56 (1974).

[15] *Procunier v. Martinez*, 416 U.S. 396, 406–06 (1974).

[16] *Shorter v. Baca*, 895 F.3d 1176, 1189 (9th Cir. 2018).

3:20-cv-00121-RRB, *Harris v. Lyou, et al.*
Order Regarding Pending Motions
Page 4 of 8
Case 3:20-cv-00121-RRB   Document 30   Filed 02/17/21   Page 4 of 8

does not manifest to either deliberate indifference or an intent to inflict harm."[17] The issue of deference is more acute when state prison officials are defendants in federal court,[18] but that deference does not extend to a clear violation of a prisoner's constitutional rights.[19]

With respect to the underlying request, an examination of Mr. Harris's exhibits shows: (1) Mr. Harris had a verbal conversation with MH Becker, where he reported feeling unsafe, and MH Becker responded by informing the housing module officer.[20] Mr. Harris requested protective custody and was admitted into Administrative Segregation.[21] On December 2, 2020, a hearing was held where (1) the committee found that Mr. Harris "has submitted in writing a request for protective custody along with his reason for the request"; (2) Mr. Harris stated "I knew I would have problems here. I would like to go somewhere where this is not a problem, like Kenai"; and (3) another review was scheduled for the following month.[22] Mr. Harris's exhibits demonstrate that he has requested protective

---

[17] *See Noble v. Adams*, 646 F.3d 1138, 1143 (9th Cir. 2011) (as amended).

[18] *See Turner v. Safley*, 482 U.S. 78, 84 (1987).

[19] *Noble*, 646 F.3d at 1143.

[20] Docket 23 at 5; Docket 25 at 5.

[21] Docket 23 at 4; Docket 25 at 4.

[22] Docket 23 at 6; Docket 25 at 6.

3:20-cv-00121-RRB, *Harris v. Lyou, et al.*
Order Regarding Pending Motions
Page 5 of 8
Case 3:20-cv-00121-RRB   Document 30   Filed 02/17/21   Page 5 of 8

custody through Administrative Segregation and that Spring Creek Correctional Center officials have accommodated that request.

Generally, a prisoner does not have a constitutional right to a prison transfer.[23] A prisoner may have a liberty interest when placed in administrative segregation, but such interests must be protected by review procedures and a prisoner plaintiff must show "atypical and significant hardship."[24]

Mr. Harris has been placed in Administrative Segregation at his request for enhanced security protection. He receives regular review of this placement. He does not have a *de facto* right to transfer facilities. Finally, the Court must show deference to prison officials regarding Mr. Harris's placement at Spring Creek Correctional Center, as his motion does not demonstrate a constitutional violation. Therefore, the motions at Docket 23 and 25 are **DENIED**.

D.     **Motion for Appointment of Counsel (Docket 24)**

Mr. Harris requests counsel alleging severe dementia and citing to Federal Rule of Civil Procedure 17. At Docket 27, Defendants have responded in opposition arguing (1) the Court has previously ruled on this issue; (2) Rule 17

---

[23] *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983).

[24] *See Sandin v. Conner*, 515 U.S. 472 (1995) (creating the atypical and significant hardship test); *see Keenan v. Hall*, 83 F.3d 1083, 1088–89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998) (implicitly recognizing a liberty interest claim in a prisoner's placement in administrative segregation by remanding back to the district court for further fact finding); *see also Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

3:20-cv-00121-RRB, *Harris v. Lyou, et al.*
Order Regarding Pending Motions
Page 6 of 8
Case 3:20-cv-00121-RRB    Document 30    Filed 02/17/21    Page 6 of 8

does not apply to the facts presented; and (3) Mr. Harris's claims of dementia are not sufficiently supported.

Rule 17(c) addresses who may sue or defend a minor or incompetent person as a representative proceeding in a civil action in federal district court. Specifically, Rule 17(c)(2) provides that "a minor or incompetent person who does not have a fully appointed representative may sue by a next friend or by a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Rule 17 does not address or authorize the appointment of counsel, as requested by Mr. Harris.

Moreover, the Court already has ruled on this issue.[25] Mr. Harris submits an exhibit from 2018 stating that he has severe dementia.[26] In all of his pleadings and motions, Mr. Harris has expressed himself clearly, concisely, and even articulated well-researched points of law, whether rightly or wrongly applied. The Court does not find that Mr. Harris's case presents new or "exceptional" circumstances as required.[27] The Court reminds Mr. Harris that his case has been referred to the Federal Pro Bono Project and is being advertised as needing

---

[25] Docket 8 at 15.

[26] Docket 24-1 at 1.

[27] *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("[A] court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1).") (citations omitted).

3:20-cv-00121-RRB, *Harris v. Lyou, et al.*
Order Regarding Pending Motions
Page 7 of 8
Case 3:20-cv-00121-RRB   Document 30   Filed 02/17/21   Page 7 of 8

volunteer counsel. Should a volunteer attorney step forward, the Court will appoint counsel at that time. Accordingly, the motion at Docket 24 is **DENIED**.

**IT IS THEREFORE ORDERED**:

1. Plaintiff's Motion for a Medical Expert, Orthopedic Physician to Evaluate and Treat Permanent Injuries that are Ongoing at **Docket 18** is **DENIED**.

2. Plaintiff's Motion for Copies of Dockets 1–14 at **Docket 19** is **GRANTED**. **The Clerk of Court shall include copies of the of docket entries 1–14, along with a copy of this order.**

3. Defendant's Motion for an Extension of Time at **Docket 21** is **DENIED AS MOOT**.

4. Plaintiff's Motion for Transfer of Prison Facility at **Docket 23** is **DENIED**.

5. Plaintiff's Motion for Appointment of Counsel at **Docket 24** is **DENIED**.

6. Plaintiff's Motion for Prison Transfer at **Docket 25** is **DENIED**.

DATED at Anchorage, Alaska, this 17th day of February, 2021.

*/s/ Ralph R. Beistline*
Ralph R. Beistline
Senior United States District Judge

3:20-cv-00121-RRB, *Harris v. Lyou, et al.*
Order Regarding Pending Motions
Page 8 of 8
Case 3:20-cv-00121-RRB   Document 30   Filed 02/17/21   Page 8 of 8