IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PAUL ALLEN HARRIS,<br><br>        Plaintiff,<br><br>vs.<br><br>CHRIS LYOU, et al.,<br><br>        Defendants. | Case No. 3:20-cv-00121 RRB<br><br>**ORDER<br>GRANTING MOTION TO DISMISS<br>(Docket 38)<br>DENYING MOTION TO STAY<br>(Docket 45)<br>GRANTING LEAVE TO FILE<br>SECOND AMENDED COMPLAINT** |

Plaintiff, Paul Harris, filed an Amended Complaint under 42 U.S.C. § 1983, claiming his civil rights under the First and Eighth Amendments of the U.S. Constitution and the Americans with Disabilities Act were violated, naming 46 separate defendants.[1] Four Defendants were previously dismissed.[2]

Through counsel, seventeen of the individual defendants, as well as the Medical Advisory Committee, move to dismiss, with prejudice, all claims against them, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff has voluntarily dismissed several Defendants, and also asks for a stay of proceedings until he is medically stable following a recent injury.[3]

---

[1] Docket 9.
[2] Docket 17.
[3] Dockets 38, 43, 45.

# I. STANDARD OF REVIEW

"There are two elements to a section 1983 claim: (1) the conduct complained of must have been under color of state law, and (2) the conduct must have subjected the plaintiff to a deprivation of constitutional rights."[4] Conclusionary allegations, unsupported by facts, will be rejected as insufficient to state a claim under the Civil Rights Act.[5] Rather, a plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" that support the plaintiff's claim.[6]

A motion under Rule 12(b)(6) for failure to state a claim tests the legal sufficiency of a complaint.[7] Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This standard requires more than a simple accusation. To survive a motion to dismiss, a complaint must contain sufficient facts which, if accepted as true, "state a claim to relief that is plausible on its face."[8] A claim has facial plausibility when the facts alleged "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9]

---

[4] *Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (citation omitted).
[5] *Id.*, citing *Sherman v. Yakahi,* 549 F.2d 1287, 1290 (9th Cir. 1977).
[6] *Id.*
[7] *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).
[8] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009) (internal citations omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).
[9] *Id.*

*Harris v. Lyou, et al.*  Case No. 3:20-cv-00121 RRB
Order re Motion to Dismiss, Motion to Stay; Leave to File Second Amended Complaint  Page 2
Case 3:20-cv-00121-RRB   Document 48   Filed 12/29/21   Page 2 of 11

When considering a 12(b)(6) motion to dismiss, courts generally must accept the plaintiff's allegations as true and construe them in the light most favorable to plaintiff.[10] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."[11] But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[12]

The Court has reviewed Plaintiff's Complaint and Defendant's Motion to Dismiss in keeping with the above principles. The allegations of a *pro se* complaint, "however inartfully pleaded," should be held "to less stringent standards than formal pleadings drafted by lawyers . . . ."[13] Accordingly, this Court must determine whether, even when liberally construed, "it appears beyond doubt" that Plaintiff "can prove no set of facts in support of his claim which would entitle him to relief."[14]

## II.  DISCUSSION

### A.  Defendants Dismissed—Named in Error

Plaintiff's Reply to the Motion to Dismiss clarifies that several named Defendants were intended to be Plaintiff's *witnesses* in this case, as they have personal

---

[10] *Beverly Oaks Physicians Surgical Ctr., LLC v. Blue Cross & Blue Shield of Illinois*, 983 F.3d 435, 439 (9th Cir. 2020).
[11] *Iqbal*, 129 S. Ct. at 1950.
[12] *Id*.
[13] *Jones*, 733 F.2d at 649 (citations omitted).
[14] *Id*.

*Harris v. Lyou, et al.* Case No. 3:20-cv-00121 RRB
Order re Motion to Dismiss, Motion to Stay; Leave to File Second Amended Complaint Page 3
Case 3:20-cv-00121-RRB   Document 48   Filed 12/29/21   Page 3 of 11

information as to the claims and gave Plaintiff advice.[15] Accordingly, Kim Turner (formerly known as Kim Aikey), Melanie Boyer, Traci Tusha, Michele Susie, Tony Underwood, Frederic Powers, Gwen Helms, Tonia Enyard/Sgt. Inyards,[16] Kevin Kelly, and Jason Hamilton/Lt. Hamilton[17] are DISMISSED WITH PREJUDICE as Defendants.[18]

**B.  Medical Advisory Committee—Dismissed**

It is well-settled that State agencies are not "persons" under §1983.[19] Defendants argue that the "Medical Advisory Committee" is composed of individual health care providers whose membership is subject to change depending on the needs of the Department, and therefore is not an entity separate from the State of Alaska, DOC. To the extent Plaintiff asserts any claim for relief against the Medical Advisory Committee, the Court concurs with Defendants' assessment that such claims are simply another way of pleading claims against the DOC. Therefore, the State of Alaska DOC Medical Advisory Committee is not a proper defendant and all claims against the Committee are DISMISSED WITH PREJUDICE.

**C.  Defendants Dismissed for Failure to State a Claim**

To establish *personal* (also called *individual*) liability in a § 1983 action, "it is enough to show that the official, acting under color of state law, caused the deprivation

---

[15] Docket 43 at 2.
[16] It is unclear if "Tonia Enyard" and "Sgt. Inyards" are the same person, but Plaintiff dismisses both at Docket 43.
[17] It is unclear if "Jason Hamilton" and "Lt. Hamilton" are the same person, but the Court notes that only "Lt. Hamilton" is named in the Complaint.
[18] Defendants Fleurant, Brian, Rich, and Newman were previously dismissed. Docket 17.
[19] *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Maldonado v. Harris*, 370 F.3d F.3d 945, 951 (9th Cir. 2004); *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989).

*Harris v. Lyou, et al.*  Case No. 3:20-cv-00121 RRB
Order re Motion to Dismiss, Motion to Stay; Leave to File Second Amended Complaint  Page 4
Case 3:20-cv-00121-RRB   Document 48   Filed 12/29/21   Page 4 of 11

of a federal right."[20] However, for a governmental entity to be liable in an *official* capacity under § 1983, the entity itself must be a "moving force" behind the deprivation.[21] Therefore, "in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law."[22] In other words, as Defendants explain, "[l]iability in an individual capacity suit for money damages can be demonstrated by showing that the individual *caused* the alleged injury. Liability in an official capacity for injunctive relief requires the plaintiff to demonstrate that a policy or custom of the government entity of which the official is an agent was the moving force behind the violation."[23]

### 1. Defendants Dial, Elmore, Gooding, Zachman, Shirley M., Smith, and Strommer

Seven additional defendants seek dismissal from this matter, arguing that Plaintiff fails to indicate whether he seeks to bring suit against them in their individual capacities for money damages, or in their official capacities for injunctive relief.[24] They argue that Plaintiff makes no specific allegations against them, nor does he allege that any of them have the capacity to provide the injunctive relief he requests (*i.e.*, a new medical exam by an orthopedic doctor). Instead, they argue that Plaintiff has simply included their names in his list of defendants.

---

[20] *Kentucky v. Graham*, 473 U.S. 159, 166–67 (1985) (citation omitted). "When it comes to defenses to liability, an official in a personal-capacity action may, depending on his position, be able to assert personal immunity defenses, such as objectively reasonable reliance on existing law. . . In an official-capacity action, these defenses are unavailable." *Id*.
[21] *Id*. "The only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, *qua* entity, may possess, such as the Eleventh Amendment." *Id*. at 167.
[22] *Id*.
[23] Docket 38-1 at 6.
[24] Defendants Hamilton, Turner, Enyard, Susie, Tush, Boyer, and Underwood also joined this motion, but were dismissed in section A.

*Harris v. Lyou, et al.* Case No. 3:20-cv-00121 RRB
Order re Motion to Dismiss, Motion to Stay; Leave to File Second Amended Complaint Page 5
Case 3:20-cv-00121-RRB Document 48 Filed 12/29/21 Page 5 of 11

Civil rights complaints need to identify "overt acts" engaged in by each defendant.[25] These Defendants argue that Plaintiff has failed to provide *any* allegations to support either personal involvement or an official capacity claim against them. Moreover, the Court notes that Plaintiff failed to make any argument in his responsive brief with respect to these individuals. Accordingly, Defendants Dial, Elmore, Gooding, Zachman, Shirley M., Smith, and Strommer are DISMISSED WITH PREJUDICE.

### 2. Defendants Houser, Lyou, and Nighswonger

Finally, Plaintiff names Superintendents Earl Houser, Chris Lyou, and Zane Nighswonger in their *individual* capacities.[26] In addition to including their names in the list of Defendants, Plaintiff wrote the three names at the top of his statement of facts for each claim. However, these Defendants also seek dismissal, arguing that Plaintiff does not allege any specific incidents, or any specific details regarding when, where, or how any of the Superintendents *personally* caused his alleged injuries. Accordingly, they each seek dismissal, arguing that allegations of personal participation are required to state a viable civil rights claim against a state official in their individual capacity,[27] and that *respondeat superior* is not recognized under § 1983.[28]

---

[25] *Jones*, 733 F.2d at 649.

[26] Docket 9 at 2. Plaintiff specifically checked the following option with respect to each of the three Superintendents: "This defendant **personally participated** in causing my injury, and I want **money damages**."

[27] Docket 38-1 at 4, citing *Richards v. Hoarper*, 864 F.2d 85, 88 (9th Cir. 1988).

[28] Docket 38-1 at 4, citing *Monell v. Dep't. of Social Services of City of New York*, 436 U.S. 658, 691–92 (1978); *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1214 (9th Cir. 1996) ("Federal case law has long barred *respondeat superior* liability against state actors in suits brought under 42 U.S.C. § 1983"). *See* Black's Law Dictionary (7th ed. 2000). ("respondeat superior" is the "doctrine holding an employer or principal liable for the employee's or agent's wrongful acts committed within the scope of the employment or agency.")

*Harris v. Lyou, et al.* Case No. 3:20-cv-00121 RRB
Order re Motion to Dismiss, Motion to Stay; Leave to File Second Amended Complaint Page 6
Case 3:20-cv-00121-RRB   Document 48   Filed 12/29/21   Page 6 of 11

Defendants are correct that Plaintiff has failed to make any allegations of personal involvement against Superintendent Earl Houser, Superintendent Chris Lyou, or Superintendent Zane Nighswonger, and that mere performance of general responsibilities for supervising the operations of a prison is insufficient to establish their personal involvement. As such, claims against Superintendent Earl Houser, Superintendent Chris Lyou, and Superintendent Zane Nighswonger *in their individual capacities* must be DISMISSED WITH PREJUDICE.

**D.    Leave to Amend**

In a § 1983 action, a plaintiff may sue a defendant in their official capacity as an alternate way of pleading a claim against the governmental entity for which that individual is an officer or employee.[29] A plaintiff suing a defendant in their official capacity is not required to allege the "named official's personal involvement in the acts or omissions constituting the alleged constitutional violation."[30] Rather, the plaintiff must (1) identify the policy he challenges, and (2) demonstrate that that particular defendant is able to respond to the injunctive relief he requests. Defendants sued in their official capacity may only be sued for injunctive relief.[31]

Here, Plaintiff's First Amended Complaint at Docket 9 clearly seeks injunctive relief in the form of ADA Accommodations and specific medical treatment. Missing from the Amended Complaint is the required specificity as to who can provide the

---

[29] *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Hafer v. Melo*, 502 U.S. 21, 27 (1991).
[30] *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013).
[31] *See Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71 n.10 (1989).

*Harris v. Lyou, et al.*  Case No. 3:20-cv-00121 RRB
Order re Motion to Dismiss, Motion to Stay; Leave to File Second Amended Complaint  Page 7
Case 3:20-cv-00121-RRB   Document 48   Filed 12/29/21   Page 7 of 11

injunctive relief Plaintiff requests. Accordingly, this Court grants Plaintiff leave to file a Second Amended Complaint. Any amended complaint should be on this Court's form, which is being provided with this Order. Any amended complaint will replace the prior complaint in its entirety.[32] Plaintiff must include all of the claims he seeks to bring in an amended complaint. Any claims not included in the second amended complaint, should Plaintiff choose to file one, will be considered waived.

### E. Motion to Stay

Plaintiff requests a stay this case for an indeterminate length of time due to new medical issues. Defendants argue that "a stay is unnecessary because this case is still in the pleading stage of litigation," and that after this Court issues a Scheduling Order, the parties will have several months to conduct discovery and prepare dispositive motions.

The Court agrees with Defendants that Plaintiff is "at liberty to file a motion to request a deadline extension, if necessary," and that a stay at this point in litigation is unnecessary. Extensions will be granted if requested. The Motion to Stay is DENIED at this juncture.

### III. CONCLUSION

"Conclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act."[33] This Court finds that "it appears beyond doubt" that Plaintiff "can prove no set of facts in support of his claim which would

---

[32] *See* Local Civil Rule 15.1.
[33] *Jones*, 733 F.2d at 649.

*Harris v. Lyou, et al.* Case No. 3:20-cv-00121 RRB
Order re Motion to Dismiss, Motion to Stay; Leave to File Second Amended Complaint Page 8
Case 3:20-cv-00121-RRB   Document 48   Filed 12/29/21   Page 8 of 11

entitle him to relief" against the Defendants discussed in this Order.[34] Accordingly, Defendants' **Motion to Dismiss** at Docket 38 is **GRANTED**, and claims against the following Defendants in both their *individual* and *official* capacities are DISMISSED WITH PREJUDICE:

1. Louis Smith;
2. Shirley M.;
3. Michele Susie;
4. RN Gooding;
5. Tony Underwood;
6. Melanie Boyer;
7. H. Zachman;
8. Kim Turner (fka as K. Aikey);
9. Frederic Powers (fka Co. Powers);
10. Gwen Helms (fka Sgt. Helms);
11. Sgt. Inyards;
12. Kevin Kelly (fka Kelly c/o);
13. Lt. Hamilton;
14. Sgt. Elmore;
15. Traci Tusha ("Tush, Mental Health");
16. Angela J. Strommer;

---

[34] *Id*.

*Harris v. Lyou, et al.*     Case No. 3:20-cv-00121 RRB
Order re Motion to Dismiss, Motion to Stay; Leave to File Second Amended Complaint     Page 9
Case 3:20-cv-00121-RRB    Document 48    Filed 12/29/21    Page 9 of 11

17. Dial; and

18. Medical Advisory Committee.

It is further ordered that claims against the following individuals in their *individual* capacities are DISMISSED WITH PREJUDICE:

1. Superintendent Earl Houser;

2. Superintendent Chris Lyou; and

3. Superintendent Zane Nighswonger.

Additionally, Plaintiff's **Motion to Stay** at Docket 45 is **DENIED without prejudice.** The Court will reconsider a stay if Plaintiff's medical condition prevents him from meaningful participation in this litigation.

Finally**,** the Federal Rules of Civil Procedure allow for the amendment of a Complaint with the court's permission.[35] In the interests of justice, leave is granted for Plaintiff to file a **Second Amended Complaint**, should he choose to do so. Local Civil Rule 15.1 governs this Court's practice for amending pleadings. Any amended complaint will replace the prior complaint in its entirety, and should be on this Court's form, which is being provided with this Order. Plaintiff must include *all* of the claims he seeks to bring in an amended complaint, if he chooses to file one. Any claims not included in an amended complaint will be considered waived.

Accordingly, Plaintiff shall, on or before **March 2,** 2022, either: (1) file a Second Amended Complaint; (2) notify the Court he does not wish to file a Second

---

[35] Fed. R. Civ. P. 15(a).

*Harris v. Lyou, et al.*  Case No. 3:20-cv-00121 RRB
Order re Motion to Dismiss, Motion to Stay; Leave to File Second Amended Complaint   Page 10
Case 3:20-cv-00121-RRB   Document 48   Filed 12/29/21   Page 10 of 11

Amended Complaint, but rather proceed on the First Amended Complaint with the remaining Defendants; or (3) request a further extension of time.

In the first instance, Defendant shall file an appropriate pleading or motion within 30 days of the filing of the Second Amended Complaint.

In the second instance, if Plaintiff indicates he will *not* file a Second Amended Complaint, Defendants shall file an Answer to the First Amended Complaint within 30 days of such notice.

If Plaintiff takes no action, or requests a further extension of time, this Court will issue further instructions.

The Clerk is directed to send Plaintiff form PS01, with "SECOND AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983," with this Order, as well as a copy of the First Amended Complaint (Docket 9) for his reference.

IT IS SO ORDERED this 29th day of December, 2021, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

*Harris v. Lyou, et al.*    Case No. 3:20-cv-00121 RRB
Order re Motion to Dismiss, Motion to Stay; Leave to File Second Amended Complaint    Page 11
Case 3:20-cv-00121-RRB   Document 48   Filed 12/29/21   Page 11 of 11