# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PAUL ALLEN HARRIS,<br><br>    Plaintiff,<br><br>  v.<br><br>CHRIS LYOU, *et al.*,<br><br>    Defendants. | Case No. 3:20-cv-00121-RRB |

## ORDER AFTER NOTICE OF DEATH

Paul A. Harris, a self-represented prisoner ("Plaintiff") filed a Prisoner's Complaint under the Civil Rights Act, 42 U.S.C. § 1983 on May 27, 2020.[1] On October 27, 2022, Counsel for Defendants filed a Notice informing the Court of Plaintiff's death.[2] The filing included a copy of the State of Alaska, Department of Corrections Press Release regarding Plaintiff's death.[3]

"If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made

---

[1] Docket 1.

[2] Docket 66.

[3] Docket 66-1.

within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."[4]

However, there are formal requirements for the Notice of Death (or "Suggestion of Death")[5] to trigger the 90-day period. First, a party must formally suggest the death of the party upon the record. Second, the suggesting party must serve other parties *and* nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute."[6] At a minimum, the suggestion of death must identify the decedent's successor or personal representative.[7]

While the press release indicated Plaintiff's next of kin had been notified of his death, Defendants filing at Docket 66 is deficient under Rule 25 because it fails to identify any nonparty representatives or successors or serve notice to such parties.

**IT IS THEREFORE ORDERED:**

1. Defendants must properly file and serve nonparty successors or representatives of the deceased with a suggestion of death **by February 25, 2023.**

---

[4] Fed. R. Civ. P. 25(a)(1).

[5] *See, e.g.*, *Gilmore v. Lockard*, 936 F.3d 857, 865 (9th Cir. 2019) ("statement noting the death" is often called the "suggestion of death.").

[6] *Id.* (quoting *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994)).

[7] *Id.* at 867; *see also Bailey v. MacFarland*, 2020 WL 5763825, at *4 n.2 (E.D. Cal. Sept. 28, 2020).

Case No. 3:20-cv-00121-RRB, *Harris v. Lyou*
Order After Notice of Death
Page 2 of 3
Case 3:20-cv-00121-RRB   Document 67   Filed 01/25/23   Page 2 of 3

2. The 90-day period provided by Rule 25(a)(1) will not be triggered until the appropriate successor or representative is served a suggestion of death in the manner provided by Federal Rule of Civil Procedure 4.[8]

DATED this 25th day of January, 2023, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[8] *Barlow v. Ground*, 39 F.3d 231, 233-234 (9th Cir. 1994).